UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| EPHRAIM SLATON AND GWENDOLYN TOLLIVER, as Personal Representatives of the Estate of MATTHEW GREEN, JR., decedent, <br><br> Plaintiffs, <br><br> v. <br><br> CORRECT CARE SOLUTIONS, LLC <br><br> Defendant. | Civil Action No: 3:15-CV-0627-JMC <br><br> **ORDER** |

This matter is before the court on Ephraim Slaton and Gwendolyn Tolliver's ("Plaintiffs") Motion to Compel (ECF No. 23). The allegations of negligence in this case arise out of an incident involving the arrest and transport of Matthew Green, Jr. ("Plaintiff Decedent"). During Plaintiff Decedent's transport to the Alvin S. Glen Detention Center on August 16, 2011, he sustained an injury that left him unresponsive in a holding cell. Plaintiffs allege that Dwayne Brown, a Certified Medical Assistant and former employee of Defendant Correct Care Solutions, LLC ("Defendant"), was the only medical staff member working the intake area during that time. Plaintiffs further allege that Brown failed to assess and treat Plaintiff Decedent in a timely manner, which directly led to his death. Plaintiffs have requested that Defendant produce Brown's personnel and training files. Defendant asserts that Plaintiffs' request is overbroad and unduly burdensome.

Generally, parties in civil litigation are permitted broad discovery. *See Nat'l Union Fire Ins.*

1

*Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992). Parties are able to obtain discovery regarding any matter that is nonprivileged and "relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). For the information to be relevant, it does not have to be admissible at trial, but it must be "proportional to the needs of the case, considering the importance of the issues at stake in the action." *Id.* Where the burden of producing the proposed discovery outweighs its benefit, a court is required to limit the extent of the discovery. *Id.* at 26(b)(2)(C). Here, Plaintiffs request Brown's personnel and training files. Defendant asserts that Plaintiffs' request is overbroad because the production of the personnel file could lead to the discovery of personal information that is not relevant to this case. Defendant further asserts that no training file exists. (ECF No. 24). Plaintiffs contend that this information is relevant to confirming the training Brown received while employed by Defendant, and for determining the reasons surrounding his separation from employment soon after the incident involving Plaintiff Decedent. (*See* ECF No. 23-1 at 2). Although Brown's complete personnel file might contain some information that is not relevant to this case, this court finds that Brown's personnel file likely contains information relevant to Plaintiffs' allegation that Defendant failed to hire, train, and supervise quality medical professionals. (ECF 1-1 at 9).

Accordingly, this court **grants in part and denies in part** Plaintiffs' Motion to Compel (ECF No. 23). Plaintiffs' motion is granted to the extent that Defendant is required to produce all documents in Brown's personnel file that pertain to: (1) his training and experience; (2) his performance as an employee of Defendant, including evaluations and disciplinary actions; (3) the incident involving Plaintiff Decedent, including any incident reports or written statements describing actions taken by Brown; and (4) his separation from employment with Defendant. To the extent that

a training file is maintained on Dwayne Brown, Defendant is required to produce the file. Plaintiffs' motion is denied with respect to any documentation in Brown's personnel file that does not bear on his training and experience, performance, separation from employment, or the incident involving Plaintiff Decedent.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 9, 2016
Columbia, South Carolina

3